

ABRAMS GARFINKEL MARGOLIS BERGSON, LLP

1430 Broadway • 17th Floor • New York, NY 10018 • P: 212-201-1170 • F: 212-201-1171 •
www.agmblaw.com

January 23, 2023

<u>**VIA ECF**</u>

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re: *C.C.M.S. v. Oxford Realty & Holdings LLC et al.*
        20 Civ. 03429 (NRB)

Dear Judge Buchwald:

  We are counsel for defendants West 27th Street Realty, Inc., Joseph Grill, Maxime Touton and F. Michael Conte in the above-referenced action and write to the Court in response to plaintiff's counsel's letter dated January 23, 2023.

  First and foremost, plaintiff's counsel's claims of delay and gamesmanship on the part of the defendants is vehemently refuted. Throughout the case, we have routinely conferred with all counsel regarding open discovery and, as needed, jointly made requests to the Court for extensions or other adjustments to the discovery schedule.

  Plaintiff's counsel has been aware since early November 2022 that it was our intention (and position) that we would be producing a single board member for deposition, the board treasurer F. Michael Conte, and that we disputed the necessity for the taking of depositions of other board members. Mr. Conte's deposition was scheduled with that knowledge and his deposition was scheduled, on consent of all parties, for December 19, 2022. Notably, Plaintiff was produced for deposition on December 8, 2022. Mr. Conte was ready, willing, and able to be deposed on December 19, 2022, however, plaintiff's counsel elected to postpone his deposition to first take the deposition of non-party Nigel Shamash. Mr. Shamash was originally scheduled for December 16, 2022, however, when Mr. Shamash, through his counsel, advised that due to the early start of Sabbath he could not attend a full day of depositions on a Friday, plaintiff's counsel rescheduled Mr. Shamash to December 20, 2022. We continued to offer Mr. Conte for deposition on December 19, 2022, however, counsel for Plaintiff elected to postpone his deposition until he was next available – on January 4, 2023. Contrary to plaintiff's

counsel's statement, ECF No. 73 does not reflect any agreement by the parties that the depositions of Grill, Touton and Paturet would take place after Conte's deposition.

Plaintiff's counsel's letter not only mischaracterizes how discovery in this action has proceeded, but on the substance of the claims, also misleads the Court regarding the deposition testimony provided by Mr. Shamash and Mr. Conte and, specifically, regarding Mr. Brooks' interview before the board of the co-op. Plaintiff's counsel's racially charged letter manufactures conclusions and motivations regarding the rejection of plaintiff's tenancy which are wholly unsupported by any of the testimony given in this case so far.[1] There is simply nothing in the record, other than plaintiff's self-serving inferences/innuendo, that even comes close to showing that plaintiff's tenancy was rejected by the board because of racial animus (indeed, plaintiff's own testimony demonstrated that some of the people plaintiff intended to treat at its intended facility at the co-op were on the continuum of aggression where not only could they be suicidal, but that their rage could put others at physical risk – if that's not a racial-neutral consideration, I don't know what is).[2]

Simply put, plaintiff and plaintiff's counsel are fishing when, admittedly, all they have to support their request to take more depositions is a desire to find out other people's "impressions" of plaintiff's president and clients, when the overwhelming evidence produced in this case to date, through documents and deposition testimony, demonstrates that plaintiff's business (a clinic with 200 patients coming in and out of the building, even on days when the building is closed) was not appropriate for the co-op. We remain available to further conference this matter or otherwise respond to a formal motion to compel by plaintiff.[3]

Respectfully submitted,

*Barry G. Margolis*

Barry G. Margolis

---

[1] If the Court wishes to review the deposition transcripts, they can be easily provided.

[2] Plaintiff's counsel's desperate leap that a reference by a board member to "children of crack addicts" meant that members of the board didn't want a business in their building treating children of black people only serves to demonstrate the absurdity of Plaintiff's counsel's arguments. Children of crack addicts means exactly what it is - - children of addicts that use crack. How plaintiff's counsel converts that to a reference to race is beyond the pale. That, coupled with references to higher rates of incarceration amongst the black population that use drugs vs. white users only serves to highlight that plaintiff and/or its counsel will insert into this case anything they can think of regarding race inequality even when those issues are nowhere remotely related to any of the facts and circumstances in this case, which involves a straight forward landlord/tenant transaction.

[3] Plaintiff's counsel's request that the defendants be precluded from using testimony of other witnesses for other purposes in the case, whether for motions or trial, is unsupported by applicable law.