# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
C.C.M.S. d/b/a COMMUNITY COUNSELING
AND MEDIATION SERVICES,

         Plaintiff,    Case No. 20-CV-03429

  -against-

OXFORD REALTY & HOLDINGS LLC,    **ANSWER**
WEST 27TH STREET REALTY, INC., MARK PATURET,
JOSEPH GRILL, MAXIME TOUTON, F. MICHAEL CONTE,
NIGEL SHAMASH, and other similarly situated BOARD
MEMBERS OF WEST 27TH STREET REALTY, INC.,

         Defendants.
------------------------------------------------------------------------x

  Defendants West 27th Street Realty, Inc., Mark Paturet, Joseph Grill, Maxime Touton and F. Michael Conte (collectively, "Defendants"), by their undersigned attorneys, for their answer to the complaint ("Complaint") of plaintiff C.C.M.S. d/b/a Community Counseling and Mediation Services, allege as follows:

## RESPONDING TO THE ALLEGATIONS IN THE INTRODUCTION

  1.  Deny the allegations contained in paragraph 1 of the Complaint as they relate to the Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

  2.  Deny the allegations contained in paragraph 2 of the Complaint, except state that Emory Brooks was interviewed by members of the board of directors of West 27th Street Realty, Inc.

  3.  Deny the allegations contained in paragraph 3 of the Complaint.

  4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint, except deny that West 27th Street Realty, Inc. maintains its principal place of business at 129 West 27th St., Unit 1, NY, NY 10001.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint, except state that Marc Paturet is a member of the board of directors of West 27th Street Realty, Inc. and the President of Hand Held Films, which occupies the basement, ground floor and one additional floor at 129 West 27th Street, NY, NY 10001.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint, except state that Maxime Touton is a member of the board of directors of West 27th Street Realty, Inc. and the Senior Vice President of Monsieur Touton Selection, Ltd., which occupies the 9th and 10th floors at 129 West 27th Street, NY, NY 10001.

11. Deny the allegations contained in paragraph 11 of the Complaint, except state that F. Michael Conte is a member of the board of directors of West 27th Street Realty, Inc. and one of the owners of Honig Conte Porrino Insurance, which occupies the 6th floor at 129 West 27th Street, NY, NY 10001.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

**RESPONDING TO THE ALLEGATIONS REGARDING JURISDICTION AND VENUE**

13. Neither admit nor deny the allegations contained in paragraph 13 of the Complaint as they are legal conclusions, and respectfully refer all such questions and conclusions of law to the Court.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Neither admit nor deny the allegations contained in paragraph 15 of the Complaint as they are legal conclusions, and respectfully refer all such questions and conclusions of law to the Court.

16. Neither admit nor deny the allegations contained in paragraph 16 of the Complaint as they are legal conclusions, and respectfully refer all such questions and conclusions of law to the Court.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and respectfully refer the Court to the email referred to for the full and complete contents thereof.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, except state that the board of directors of West 27th Street Realty, Inc. interviewed Emory Brooks on January 14, 2020.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint, except state that on January 14, 2020, Emory Brooks interviewed with members of the board of directors of 127 West 27th Street Realty, Inc.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

## **RESPONDING TO COUNT I**

81. Repeat and reallege each and every response above as if fully and completely set forth herein.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Deny the allegations contained in paragraph 86 of the Complaint.

Deny that plaintiff is entitled to any of the relief set forth in the WHEREFORE clause.

### RESPONDING TO COUNT II

87. Repeat and reallege each and every response above as if fully and completely set forth herein.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Deny the allegations contained in paragraph 89 of the Complaint.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint.

Deny that plaintiff is entitled to any of the relief set forth in the WHEREFORE clause.

### FIRST AFFIRMATIVE DEFENSE

93. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

94. Plaintiff has not sustained any damages as alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred by documentary evidence.

## FOURTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

97. The Business Judgment Rule bars judicial inquiry into Defendants' actions, thereby precluding Plaintiff's claims, in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

98. This action was commenced by Plaintiff for the sole purpose of harassing and maliciously injuring Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

99. At no time did Defendants engage in any unlawful practice, willfully or otherwise, as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

100. Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate.

## NINTH AFFIRMATIVE DEFENSE

101. The culpable conduct of Plaintiff brought about the alleged damages, if any, without any culpable conduct on the part of Defendants, their agents, servants, representatives and/or employees. If the Court finds after trial that any culpable conduct on the part of Defendants, their agents, servants, representatives and/or employees contributed to the alleged damages of Plaintiff, then, and in that event, the amount of damages which might be recoverable shall be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

102. Plaintiff's damages, if any, were caused solely by the separate, independent and/or negligent actions and/or inactions of persons over whom Defendants exercised no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

103. Plaintiff's claims which seek to recover punitive damages are violative of the Constitution of the United States of America and the Constitution of the State of New York and, in any event, are unsupported by the evidence.

**TWELFTH AFFIRMATIVE DEFENSE**

104. At all times, Defendants acted in good faith and in full compliance with applicable law and without malice or intent to discriminate against, or injure, the Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

105. Plaintiff has failed to state legally cognizable claims against the individually named defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

106. Plaintiff's claims are barred because Plaintiff's application to rent was denied for legitimate non-discriminatory reasons.

**FIFTEENTH AFFIRMATIVE DEFENSE**

107. Plaintiff's claims are barred because Plaintiff cannot establish "but for" causation.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment:

(a) Dismissing the Complaint with prejudice against Defendants, and granting Defendants the costs incurred in defending this lawsuit, including reasonable attorneys' fees, as permitted by statute, rule of court, or otherwise; and

(b) Granting to Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 31, 2020

                               ABRAMS GARFINKEL
                               MARGOLIS BERGSON, LLP

                               *s/*
                               By:_____
                                   Barry G. Margolis
                                   1430 Broadway, 17th Floor
                                   New York, NY 10001
                                   (212) 201-1170
                                   *Attorneys for Defendants*

TO:    LOANZON LLP
         1345 Avenue of the Americas, Fl. 2
         New York, New York 10105
         *Attorneys for Plaintiff*